Theodore D. Aden (TDA 6689)
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

Attorneys for Deutsche Bank AG

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK AG,<br><br>                    Plaintiff,<br><br>v.<br><br>AMBAC CREDIT PRODUCTS, LLC, and AMBAC ASSURANCE CORPORATION,<br><br>                    Defendants. | ___ Civ ___ ( )<br><br>**COMPLAINT** |



04 CV 05594
ECF Case

RECEIVED
JUL 19 2004
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Deutsche Bank AG ("Deutsche Bank"), a foreign corporation, by way of its Complaint against defendants Ambac Credit Products, LLC ("Ambac Credit") and Ambac Assurance Corporation ("Ambac Assurance"), alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for breach of a credit derivative agreement and a financial guaranty insurance policy guaranteeing payment under that agreement.  Deutsche Bank has complied with the agreement by tendering bonds in the principal amount of $8,771,000 to Ambac Credit.  Notwithstanding this fact, Ambac Credit has refused to accept the tendered bonds and both Ambac Credit and Ambac Assurance, as guarantor of Ambac Credit's payment

NE:115624v6

obligations, have refused to remit payment owed to Deutsche Bank in breach of their obligations under the credit derivative agreement and financial guaranty insurance policy, respectively.

2.  Deutsche Bank has been harmed as a result of this conduct by defendants, and brings this action seeking money damages plus other relief.

## THE PARTIES

3.  Plaintiff Deutsche Bank is a banking corporation organized and existing under the laws of the Federal Republic of Germany with a place of business in London.

4.  Upon information and belief, defendant Ambac Credit is a Delaware corporation with its principal place of business at One State Street Plaza, New York, New York.

5.  Upon information and belief, defendant Ambac Assurance is a Wisconsin corporation with its principal place of business at One State Street Plaza, New York, New York.

## VENUE AND JURISDICTION

6.  Pursuant to 28 U.S.C § 1332, this Court has jurisdiction over this matter because the sum in controversy exceeds $75,000 and the matter is between citizens of a State and a citizen of a foreign state.

7.  Pursuant to 28 U.S.C. § 1391, venue is proper in this District because defendants reside in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

NE:115624v6

## FACTUAL OVERVIEW

A.  **The Relevant Agreement**

8. Deutsche Bank and Ambac Credit entered into a Master Agreement (the "Master Agreement") and Schedule to the Master Agreement (the "Schedule") dated as of December 17, 1998, to govern certain credit derivative transactions between those parties. The parties amended the Master Agreement on November 15, 2001 and July 19, 2002.

9. Pursuant to Part 4(e)(ii) of the Schedule, Ambac Assurance was to issue a Financial Guaranty Insurance Policy (the "Policy") to cover any payments due to Deutsche Bank from Ambac Credit.

10. Ambac Assurance issued the Policy, dated as of December 17, 1998, by which it agreed to unconditionally and irrevocably guaranty "the full and complete payment when due of Insured Amounts" owed to Deutsche Bank pursuant to the "Swap Agreement", which is defined in the Policy as the Master Agreement, the Schedule and all Transactions thereunder. The term "Insured Amounts" is defined in the Policy as "any payment of the Cash Settlement Amount due from [Ambac Credit] to [Deutsche Bank] pursuant to the terms of the Swap Agreement."

11. Deutsche Bank and Ambac Credit executed a confirmation dated April 19, 2002 (the "Confirmation") relating to a specific Credit Swap Transaction (the "Transaction"). The Confirmation sets forth the specific terms of this Transaction which was entered into between Deutsche Bank and Ambac Credit pursuant to the Master Agreement and the Schedule. The Transaction is covered by the Policy.

12.     Deutsche Bank, acting through its London Branch, was Ambac Credit's counterparty in the Transaction. Deutsche Bank AG, New York Branch, acted solely as the agent for Deutsche Bank's London Branch in connection with the Transaction.

13.     The Confirmation states that Deutsche Bank, the buyer of credit protection, was the fixed-rate payer and Ambac Credit, the seller of credit protection, was the floating rate payer. Deutsche Bank paid Ambac Credit at regular intervals pursuant to the Confirmation. In return, Ambac Credit agreed to pay a specific sum to Deutsche Bank in the event of a "Credit Event," as defined in the Confirmation.

14.     The Confirmation became effective on May 2, 2000, and is scheduled to terminate on May 2, 2005.

**B.     The Credit Event and Physical Settlement**

15.     On December 17, 2003, Solutia Inc., a company whose bonds were included in the Transaction, filed for bankruptcy. This occurrence qualified as a "Credit Event" pursuant to Section 3 of the Confirmation.

16.     Based on this Credit Event, on December 17, 2003, Deutsche Bank sent a "Credit Event Notice and Notice of Publicly Available Information," in the form of a letter dated December 17, 2003, to Ambac Credit and Ambac Assurance.

17.     On January 16, 2004, Deutsche Bank sent Ambac Credit a Notice of Intended Physical Settlement ("NIPS"). The NIPS stated that Deutsche Bank would physically deliver bonds issued by Solutia Inc. in the principal amount of $8,771,000 (the "Bonds") to Ambac Credit on February 4, 2004.

18. On both February 2, 2004 and February 3, 2004, Deutsche Bank sent Ambac Credit a letter calculating the amounts owed in connection with Physical Settlement pursuant to the Confirmation.

19. In the February 3 Letter, which revised the February 2 Letter, Deutsche Bank confirmed that it would deliver the Bonds to Ambac Credit on February 4, 2004 (the "Physical Settlement Date"). On the Physical Settlement Date, Ambac Credit was obligated to deliver $8,771,000 to Deutsche Bank.

### C. Ambac Credit Products' Waiver of the Physical Settlement Deadline

20. During a telephone call on February 9, 2004, a representative of Deutsche Bank advised a representative of Ambac Credit that Deutsche Bank was waiting to receive the Bonds and that it would deliver the Bonds as soon as Deutsche Bank received them. Ambac Credit indicated that it was not a problem and that it would wait for the Bonds, and it did not demand immediate delivery of the Bonds pursuant to the terms of the Confirmation.

21. During the same telephone call, the Deutsche Bank representative also confirmed that the principal amount of the Bonds to be delivered by Deutsche Bank to Ambac Credit and the cash amount to be paid by Ambac Credit to Deutsche Bank was $8,771,000. The Ambac Credit representative agreed that this was the correct sum.

### D. Deutsche Bank's Compliance with the Confirmation

22. Based on these discussions, Deutsche Bank continued its efforts to acquire the Bonds and deliver them to Ambac Credit.

NE:115624v6

23. In the period between February 9, 2004 and March 4, 2004, Ambac Credit did not give Deutsche Bank any notice that it intended to withdraw its waiver of the deadline to deliver the Bonds.

24. On March 4, 2004, Deutsche Bank tendered the Bonds in the principal amount of $8,771,000 to the account that Ambac Credit had specified in the February 9, 2004 telephone call.

25. On March 4, 2004, Ambac Credit refused to accept the tendered Bonds and refused to pay the amount of $8,771,000 owed to Deutsche Bank.

26. Ambac Credit continues to refuse to pay the amount owed to Deutsche Bank.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Ambac Credit)

27. Deutsche Bank repeats the allegations of paragraphs 1 through 26 of the Complaint as if set forth at length herein.

28. The Confirmation and the other documents related to the Transaction constitute a valid and binding contract between Deutsche Bank and Ambac Credit (the "Contract").

29. Deutsche Bank fully performed its obligations in accordance with this Contract by tendering the required Bonds <u>within the period permitted by Ambac Credit</u>. By the statements made by the Ambac Credit representative and the representative's failure to demand immediate delivery of the Bonds during the February 9, 2004 telephone call and by Ambac Credit's conduct thereafter, Ambac Credit knowingly and intentionally waived any deadline for delivery of the Bonds by Deutsche Bank prior to March 4, 2004. Ambac Credit never rescinded this waiver or

demanded delivery of the Bonds by Deutsche Bank at any time between the Physical Settlement Date and March 4, 2004, the date on which Deutsche Bank tendered the Bonds.

30. Ambac Credit breached the Contract by refusing to accept the tendered Bonds on March 4, 2004 and refusing on and after March 4, 2004 to pay the cash amount of $8,771,000 that it owed to Deutsche Bank under the Contract.

31. Deutsche Bank has suffered damages as a result of Ambac Credit's conduct.

## SECOND CAUSE OF ACTION
### (Breach of Contract against Ambac Assurance)

32. Deutsche Bank repeats the allegations of paragraphs 1 through 31 of the Complaint as if set forth at length herein.

33. Deutsche Bank is the beneficiary of the Policy issued by Ambac Assurance.

34. Ambac Credit was required to pay Deutsche Bank $8,771,000 (the "Amount Due") on the Physical Settlement Date, upon Deutsche Bank's delivery of the Bonds.

35. Ambac Credit waived any deadline for Deutsche Bank's delivery of the Bonds prior to March 4, 2004. On March 4, 2004, Deutsche Bank tendered the Bonds to Ambac Credit.

36. Ambac Credit failed to pay the Amount Due owed to Deutsche Bank pursuant to the Contract.

37. On July 1, 2004, Deutsche Bank served Ambac Assurance with a duly executed Demand for Payment in accordance with and conforming to the terms and conditions of the Policy seeking payment by Ambac Assurance of the Amount Due. The Amount Due is within the "Insured Amounts" covered by the Policy.

NE:115624v6

38. On July 13, 2004, Ambac Assurance notified Deutsche Bank by faxed letter that it would not pay the Amount Due to Deutsche Bank, asserting the defense that the Demand for Payment was "incorrect" because Deutsche Bank's tender of the Bonds to Ambac Credit was not timely.

39. The Policy does not permit Ambac Assurance to refuse to pay the Amount Due based upon this defense.

40. The Policy states in part:

> Ambac's obligations under this Policy are irrevocable, absolute and unconditional, . . . . Ambac's obligations under this Policy shall not be subject to any . . . defense, . . . whatsoever or any right to any thereof, and shall not be released or discharged other than by payment hereunder . . . Without limiting the generality of the foregoing, it is agreed that the occurrence of any one or more of the following (with or without notice to Ambac) shall not alter or impair Ambac's liability hereunder, which shall remain absolute and unconditional as described above:
>
> (a) at any time or from time to time, the time for any performance of or compliance with the Swap Agreement or any other agreement or instrument referred to herein or therein shall be extended, or such performance or compliance shall be waived;
>
> . . .
>
> Ambac hereby expressly waives diligence, presentment, protest and any requirement that the Beneficiary exhaust any right, power or remedy or proceed against the Swap Counterparty, or against any other person (whether natural or juridical) under any other guarantee of, or security for, the Swap Agreement, provided that the Beneficiary shall be required to deliver a Demand for Payment as contemplated by paragraph 1 of this Policy.
>
> (Policy, ¶ 8)

41. Ambac Assurance is required under the Policy to pay Deutsche Bank the Amount Due set forth in the Demand for Payment.

NE:115624v6

42.     Ambac Assurance's failure to pay Deutsche Bank the Amount Due is a breach of the Policy.

43.     Deutsche Bank has suffered damages as a result of Ambac Assurance's conduct.

**WHEREFORE**, plaintiff demands judgment against defendants, awarding plaintiff:

a)   damages and interest;

b)   costs of suit and attorneys' fees; and

d)   such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York
July 19, 2004

> EPSTEIN BECKER & GREEN, P.C.
> Attorneys for Plaintiff
> Deutsche Bank AG
>
> By: _____
> Theodore D. Aden (TDA 6689)
> For the Firm

NE:115624v6