UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
DEUTSCHE BANK AG,

        Plaintiff,

    -v-

AMBAC CREDIT PRODUCTS, LLC and AMBAC
ASSURANCE CORPORATION,

        Defendants.
-----------------------------------------X

04 CIV. 5594 (DLC)

MEMORANDUM OPINION
AND ORDER

DENISE COTE, District Judge:

Defendants Ambac Credit Products and Ambac Assurance Corporation (collectively "Ambac") have moved for summary judgment, and in response plaintiff Deutsche Bank AG ("DB") has moved to amend its pleadings. The Ambac motion is denied; the DB motion is granted.

At the initial conference held on December 2, 2004, Ambac did not indicate that it wished to bring a summary judgment motion in advance of discovery, and a schedule was set that provided for the filing of a pretrial order in this non-jury case without the filing of a summary judgment motion. Ambac filed a summary judgment motion in April of this year, and the parties thereafter submitted a revised scheduling order, which the Court adopted, providing for the completion of discovery and the submission of a pretrial order after the summary judgment motion was fully submitted.

1

Ambac sold protection to DB in a 2000 transaction known as "Triplets," which concerned a pool of 60 "Reference Obligations." One of those obligations included bonds issued by Solutia, which filed for bankruptcy in late 2003. As a result, DB sought the benefits of its agreement with Ambac, specifically, payment of $8.771 million upon delivery of the bonds. The parties dispute the time by which DB had to deliver the bonds in order to receive the payment, referring to provisions in a Master Agreement that incorporated definitions and terms developed by the International Swaps and Derivatives Association, and in the Confirmation for the Triplets transaction. Ambac contends that DB delivered the bonds almost a month too late, and that it therefore has no obligation to pay DB.

Ambac has not shown that it is entitled to summary judgment. There are disputed issues of fact as to how to read the various documents and how their terms should be applied to the issues in dispute. Ambac's related request that DB be barred from pursuing evidence of industry custom is also denied. This is precisely the kind of case in which the practices of the industry may be particularly useful to the fact-finder.

DB has moved to amend its complaint to add two claims. Since the addition of these two claims will have no impact on the scope of discovery, DB's motion is granted. Ambac may renew its arguments regarding the legal and factual deficiencies with these

two claims in its memorandum of law accompanying its pretrial order submissions. Accordingly, it is hereby

ORDERED that Ambac's motion for summary judgment is denied, and DB's motion to amend is granted.

IT IS FURTHER ORDERED that the parties shall contact Magistrate Judge Fox no later than September 16, 2005, in order to arrange settlement discussions under his supervision.

IT IS FURTHER ORDERED that the pretrial order is due January 27, 2006.

SO ORDERED:

Dated: New York, New York
August 22, 2005

_____
DENISE COTE
United States District Judge

3